# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Earl Johnson (#2010-1216040), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 4240 |
| v. ) | |
| ) | Hon. William J. Hibbler |
| City of Chicago Police Dept., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Chicago police officers violated the plaintiff's constitutional rights by stopping him for no reason, falsely arresting him, and planting drugs on him on two separate occasions. The plaintiff additionally purports causes of action against the officers under state law for malicious prosecution and false imprisonment. Moreover, the plaintiff contends that the City of Chicago has a custom and policy of both failing to properly train law enforcement officers and of condoning such alleged misconduct. This matter is before the court for ruling on the defendants' motion for summary judgment. For the reasons stated in this order, the motion is granted in favor of the City of Chicago, and as to the plaintiff's claims arising from his March 10, 2009, arrest. However, disputed issues of fact preclude summary judgment as to the plaintiff's claims relating to his arrest on September 23, 2007.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

## FACTS

The plaintiff, currently a state prisoner, was a resident of the City of Chicago at the time of the events giving rise to this action. Defendants Nick Beckman and Timothy Granville are Chicago police officers. The plaintiff additionally sues the City of Chicago.

The following facts are undisputed for purposes of the defendants' motion for summary judgment: On September 23, 2007, the plaintiff was walking down a Chicago alley when he was detained by defendant Granville and searched by defendant Beckman. The officers arrested the plaintiff and charged him with possession of cocaine. At a hearing held on January 10, 2008, a circuit judge granted the plaintiff's motion to suppress evidence and to quash his arrest. The Cook County State's Attorney therefore elected to *nolle prosequi* the matter.

On March 10, 2009, the plaintiff was arrested again. Defendant Granville was uninvolved in the second arrest. On May 15, 2009, the State's Attorney agreed to *nolle prosequi* the criminal case in exchange for the plaintiff's plea of guilty to a probation violation. (Defendants' Exhibit F, Transcript of Proceedings of May 15, 2009, at pp. 2-3, 7.) The plaintiff specifically admitted that he was in possession of a controlled substance on March 10, 2009. (*Id.* at p. 3.) The plaintiff's probation was revoked and he was re-sentenced to jail. (*Id.* at p. 7.)

Although the parties agree that the plaintiff was arrested on the above dates and agree that the criminal charges were ultimately dismissed, the circumstances surrounding each arrest are largely disputed.

According to the defendants, on September 23, 2007, they were patrolling a neighborhood that was well known as being a "high volume narcotics sales area" when they saw the plaintiff retrieve a brown paper bag from underneath a garbage can. The plaintiff then spotted the officers, who were driving a marked squad car, whereupon he dropped the bag onto the ground and attempted to walk away. The officers report that they detained the plaintiff, picked up the bag from the ground, and found that it contained six or seven Ziploc bags believed to contain crack or cocaine.

3

The plaintiff, in contrast, maintains that he was simply walking along an alley and eating a sandwich when the officers stopped him for no reason, frisked him, pulled his pants and underwear down in view of other passersby, and then claimed to find the bags of drugs when in reality defendant Beckman already had the drugs on his person.

Regarding the March 10, 2009, police encounter, the parties agree that defendant Granville was not a party to the arrest but dispute whether defendant Beckman participated in the arrest. Beckman maintains that he was present at the scene but played no role in the arrest, while the plaintiff contends that Beckman shouted at him for filing a complaint against him, searched him, arrested him, and filed a false police report concerning the incident.

## DISCUSSION

The defendants have failed to establish that they are entitled to judgment as a matter of law with respect to the plaintiff's arrest on September 23, 2007. Material facts are disputed; viewing the record in the light most favorable to the plaintiff, a reasonable person could find that the defendants falsely arrested him. However, summary judgment is granted in favor of the defendants on the plaintiff's custom-and-policy claim against the City of Chicago, as well as his claims relating to his March 10, 2009, arrest.

### I. The Plaintiff's Arrest on September 23, 2007

The parties have provided two, completely divergent accounts of the events surrounding the arrest of September 23, 2007. The defendants have articulated facts demonstrating that there was probable cause for stopping and arresting the plaintiff; however, the plaintiff contends that the defendants wholly invented a basis for stopping him and then planted the drugs he was charged with possessing.

4

The court cannot make a finding as to which party is more believable. In ruling on a motion for summary judgment, the court cannot weigh the parties' affidavits or make credibility determinations. *See, e.g., Paz v. Wauconda Healthcare and Rehabilitation Centre, LLC*, 464 F.3d 659, 664 (7th Cir. 2006); *McCarthy v. Zaruba*, No. 05 C 4321, 2007 WL 1455840, at *5 (N.D. Ill. May 14, 2007) (Hibbler, J.). The inquiry on summary judgment is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (citations omitted); *Forrest v. Pine*, 620 F.3d 739, 743 (7th Cir. 2010).

In this case, a circuit judge apparently rejected the officers' account regarding the arrest of September 23, 2007. The defendants argue that the judge granted the motion to suppress on the basis of misapprehending the facts; however, this court's role on summary judgment is not to re-evaluate the evidence. If a state judge determined (correctly or incorrectly) that the officers improperly arrested the plaintiff, then a reasonable juror could, in turn, find that the plaintiff's arrest and prosecution were not legally justified. At trial, the defendants will undoubtedly seek to introduce the plaintiff's multiple convictions to attack his credibility. However, a trier of fact must resolve the disputed factual issues.

The defendants cannot invoke qualified immunity if, as alleged, they planted the crack cocaine on the plaintiff. The U.S. Supreme Court has propounded a two-part test for qualified immunity: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Chelios v. Heavener*, 520 F.3d 678, 691 (7th Cir. 2008), (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001). It is long-established that planting

evidence to form the basis for an arrest is clearly violative of the Fourth Amendment. *See, e.g., Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004) ("[I]f [the officer] arrested [the plaintiff] on the basis of planted 'evidence,' [the plaintiff] would have a Fourth Amendment claim for false arrest."); *El Ranchito, Inc. v. City of Harvey*, 207 F. Supp. 2d 814, 822 (N.D. Ill. 2002) (Bucklo, J.) ("[I]f the drugs were planted, then the arrest was clearly illegal. If the arrest was clearly illegal, then, there would be no qualified immunity for a search incident to the arrest, nor, of course, for the arrest."). The defendants cannot avail themselves of the qualified immunity defense on the basis of disputed facts.

## II. The Plaintiff's Arrest on March 10, 2009

However, the defendants are entitled to judgment as a matter of law regarding the plaintiff's claims springing from his arrest on March 10, 2009. The plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). It is undisputed that defendant Granville was uninvolved in the second arrest; the parties' dispute over whether defendant Beckman participated in that arrest does not foreclose summary judgment because that issue of fact is not outcome-determinative.

The plaintiff cannot claim that the officers planted evidence on him on March 10, 2009, because he pleaded guilty to that offense. Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490.

Here, a finding that the police planted heroin in 2009 would necessarily undermine the plaintiff's underlying conviction. *See, e.g., Akpulonu v. McGowan*, No. 03 C 4546, 2004 WL 2034084, *9 (N.D. Ill. Aug. 12, 2004) (Hart, J.), *citing Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) ("If, as alleged, Wiley was arrested and prosecuted solely on the basis of drugs planted by the arresting officers, then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs."). Even though the **criminal** charges were ultimately dismissed, the plaintiff's guilty plea to a probation violation for the same offense is a complete bar to suit.

Transcripts from the hearing in question definitively establish that the plaintiff pled guilty to a probation violation in exchange for dismissal of the separate criminal prosecution. *See* Defendants' Exhibit F, Report of Proceedings of May 15, 2009, at pp. 2-3, 7:

> THE COURT: I believe on the last court date, the State made an offer to Mr. Johnson. What was the offer?
>
> MS. JAKUBIAK: I believe it was three years on the violation of probation with a *nolle* on the new case.
>
> THE COURT: Is that your understanding?
>
> THE DEFENDANT: That is correct, your Honor.
>
> THE COURT: You want to do that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you ready to do that today?
>
> THE DEFENDANT: Yes, sir. Right now.
>
> \*\*\*
>
> THE COURT: It's alleged that you were placed on probation on December 12, 2008, for a period of 24 months [and] that you violated that probation in that on or

> about March 10th of 2009, you committed the offense of possession of a controlled substance. . . . How do you plead. . . .?
>
> THE DEFENDANT: Guilty.
>
> \*\*\*
>
> THE COURT: Probation is revoked. Defendant is resentenced to three years in the Illinois Department of Corrections with 365 days credit. . . . Case in 09 CR 06798 is motion State *nolle pros* in return for the plea of guilty.

Because the plaintiff pled guilty under oath to possession of heroin, and because the effective conviction (i.e., probation revocation) stands, the plaintiff may not now claim that the drugs were planted. Moreover, because the defendants are entitled to judgment as a matter of law on the plaintiff's false arrest claim, he has no tenable claim for malicious prosecution or false imprisonment in connection with his arrest on March 10, 2009. *See, e.g., Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution.") (citing *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997). Summary judgment is accordingly granted in favor of the defendants on all claims relating to the plaintiff's second arrest.

### III. Municipal Liability

Finally, under the circumstances of this case, the plaintiff has no triable claim against the City of Chicago. The plaintiff's conclusory assertion that there is a municipal policy of "inadequate training or supervision of its police officers' misconduct of fabricating a false arrest, false police report, and planting drug on its Citizens," without evidence to support that accusation, is insufficient to withstand a motion for summary judgment.

The doctrine of *respondeat superior* (blanket municipal liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Monell v. New York Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Thompson v. Boggs*, 33 F.3d 847, 859 n.11 (7th Cir. 1994) ("*Monell* expressly holds that there is no cause of action for *respondeat superior* liability against a municipal corporation under 42 U.S.C. § 1983"). "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694.

A governmental entity is responsible under Section 1983 only when the execution of a governmental policy or custom inflicts the injury. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009), *citing Monell*, 436 U.S. at 694. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003).

To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by: (1) the enforcement of an express policy; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a person with final policy-making authority. *Wragg*, 604 F.3d at 468 (citations omitted).

Here, the plaintiff has provided no evidence whatsoever implicating the existence any of the three possible bases for municipal liability. First, there can obviously be no express municipal policy authorizing police officers to plant evidence on suspects. Nor does the record support an inference that a *de facto* unconstitutional municipal policy or custom exists or existed.

The plaintiff's conclusory charge that a widespread practice exists, without any factual foundation, is insufficient to defeat summary judgment. A policy or practice claim "requires more evidence than a single incident to establish liability." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005), *citing City of Oklahoma v. Tuttle*, 471 U.S. 808, 822, (1985); *accord, Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 968 (N.D. Ill. 2003) (Grady, J.). Although the plaintiff notes that he filed complaints with the police department's internal affairs division over both arrests, at least one of those arrests is beyond challenge for the reasons discussed *supra*. A custom or policy cannot be attributed to the City of Chicago on the basis of one arrestee's police encounter[s].

The plaintiff is likewise unable to satisfy the third alternative, that the constitutional violation was at the hands of an individual with final policymaking authority. The plaintiff's custom-and-policy claim is therefore dismissed.

A city may, under certain restricted circumstances, be held liable under Section 1983 for the inadequate training of its employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). However, a municipality is responsible only where its policies are the "moving force behind the constitutional violation. Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Ibid.* (citations and internal quotations omitted). In the case at bar, the plaintiff has simply cited

10

the legal term "failure to train;" nothing in the record suggests that any failure to train was tantamount to deliberate indifference toward the constitutional rights of citizens. *Compare Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000). Consequently, summary judgment is granted in favor of the City of Chicago.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is granted in part and denied in part. Disputed material facts preclude summary judgment with respect to the plaintiff's claims stemming from his arrest on September 23, 2007. However, summary judgment is granted in favor of the City of Chicago on the plaintiff's custom-and-policy and failure-to-train claims, as well as in favor of defendant Beckman on the plaintiff's claims relating to his March 10, 2009, arrest.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment [#76] is granted in part and denied in part. At the close of the case, the Clerk of Court is directed enter summary judgment in favor of the defendants as to the plaintiff's claims arising from his arrest on March 10, 2009, and as to the City of Chicago. The plaintiff may proceed only on his claims relating to his arrest on September 23, 2007.

Enter: *William J. Hibbler*

WILLIAM J. HIBBLER
United States District Judge

Date: 5/20/11