# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EARL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:09-cv-04240 |
| v. | ) |
| | ) Hon. John Z. Lee |
| NICK W. BECKMAN and | ) |
| TIMOTHY GRANVILLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff Earl Johnson's ("Johnson") Motion for Partial Summary Judgment (the "Motion"). Johnson brings this suit against Chicago Police Officers Nick Beckman and Timothy Granville ("Defendants") for civil rights violations pursuant to 42 U.S.C. § 1983. Johnson asserts that a state court decision suppressing his arrest collaterally estops Defendants from arguing they had probable cause to arrest him as a defense in this action. If Defendants are so estopped, Johnson argues, he is entitled to partial summary judgment as to his false arrest claim. For the reasons provided in this Memorandum Opinion and Order, the Court denies the Motion.

## FACTUAL BACKGROUND

The following facts are undisputed. On September 23, 2007, Defendants, both City of Chicago Police Officers, acting under the color of law, arrested Johnson. (Pl.'s L.R. 56.1(a)(3) Stmt. ("Pl.'s L.R. 56.1(a)(3)") ¶¶ 1-3, 5-6; Defs.' Resp. to Pl.'s LR 56.1(a)(3) Stmt. ("Defs.' Resp. to L.R. 56.1(a)(3)") ¶¶ 1-3, 5-6.) On December 4, 2007, Johnson moved to quash his arrest and suppress evidence as part of the subsequent criminal prosecution. (Pl.'s L.R. 56.1(a)(3) ¶ 7; Defs.' Resp. to L.R. 56.1(a)(3) ¶ 7.) The

written motion to quash, which was prepared using the form "Motion to Quash Arrest and Suppress Evidence" provided by the Cook County Circuit Court, set forth the argument that there was no probable cause for his arrest. (Pl.'s L.R. 56.1(a)(3) ¶ 8, Ex. A thereto; Defs.' Resp. to L.R. 56.1(a)(3) ¶ 8.)

The Circuit Court held a hearing on Johnson's motion to suppress on January 10, 2008. (Pl.'s L.R. 56.1(a)(3) ¶ 9; Defs.' Resp. to L.R. 56.1(a)(3) ¶ 9.) Defendants testified at that hearing. (Pl.'s L.R. 56.1(a)(3) ¶ 10; Defs.' Resp. to L.R. 56.1(a)(3) ¶ 10.) The judge granted Johnson's motion to quash his September 23rd arrest and suppress evidence. (Pl.'s L.R. 56.1(a)(3) ¶ 11; Defs.' Resp. to L.R. 56.1(a)(3) ¶ 11.) The parties concede that the judge did not issue a written opinion, nor did he state on the record the reasons for his ruling. (Pl.'s Mem. 4; Defs.' Resp. 5.) After that ruling, the State of Illinois declined to pursue its prosecution of Johnson arising out of the September 23rd arrest and did not appeal the suppression ruling. (Pl.'s L.R. 56.1(a)(3) ¶¶ 12, 13; Defs.' Resp. to L.R. 56.1(a)(3) ¶¶ 12, 13.)

## DISCUSSION

Johnson's Motion for Partial Summary Judgment poses the following question: where a plaintiff has prevailed on a motion to suppress an arrest in state court, does that suppression ruling have offensive collateral estoppel effect in a subsequent federal civil rights action so as to establish that the officers had no probable cause for an arrest? For the reasons set forth below, the Court concludes that, while it is possible that an underlying state court suppression order could have such preclusive effect in a federal action, under the facts of this case, it does not.

### A. Plaintiff's False Arrest Claim And The Defense of Qualified Immunity

Seventh Circuit Pattern Jury Instruction No. 7.05 sets forth the elements of a Fourth Amendment false arrest claim pursuant to Section 1983:

1. Defendant arrested Plaintiff;

2. Defendant did not have probable cause to arrest Plaintiff; and

3. Defendant was acting under color of state law.

Federal Civil Jury Instructions of the Seventh Circuit, Instruction 7.05 (2009 rev.); *see also Brooks v. City of Chi.*, 564 F.3d 830, 832 (7th Cir. 2009) ("[t]o succeed, a false arrest claim requires an arrest made 'without probable cause.'"). Once a plaintiff has established that all three elements are present "by a preponderance of the evidence," the jury is instructed to "find for Plaintiff and go on to consider the question of damages." *Id.* Here, the first and third elements cannot be disputed by the parties. (Pl.'s L.R. 56.1(a)(3) ¶¶ 1-3, 5-6; Defs.' Resp. to L.R. 56.1(a)(3) ¶¶ 1-3, 5-6.) Therefore, if Johnson can demonstrate a lack of probable cause for his arrest, liability must be found against Defendants. Johnson argues that because the state court suppressed his arrest, that necessarily means that there was no probable cause, and he should prevail as to liability as a matter of law.

Even assuming, however, that no probable cause were found, Defendants can still escape civil liability if they can establish the defense of qualified immunity. *See Hughes v. Meyer*, 880 F.2d 967, 970 (7th Cir. 1989), citing *Anderson v. Creighton*, 483 U.S. 635, 643-44 (1987) (finding of fourth amendment violation "does not foreclose additional reasonableness inquiry for purposes of qualified immunity"); *McMurry v. Sheahan*, 927 F. Supp. 1082, 1092 (N.D. Ill. 1996) (inquiry under Illinois Tort Immunity Act turns on

3

same factors as qualified immunity analysis). "Police officers are generally protected by qualified immunity if their allegedly unlawful actions meet the test of 'objective legal reasonableness' . . . assessed in the light of the legal rules that were 'clearly established' at the time the actions were taken." *Hughes*, 880 F.2d at 970 (internal citations omitted). Where a defendant raises the defense of qualified immunity, as Defendants do here, "[a]n inquiry into the facts surrounding the officer's action in order to determine whether "in the light of preexisting law the unlawfulness [was] apparent" is required. *Id.* (internal citations omitted).

### B. Collateral Estoppel

Pursuant to 28 U.S.C. § 1738, federal courts must afford full faith and credit to state judicial proceedings. *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738). This means that findings in state criminal proceedings may have estoppel effect in federal § 1983 actions such as this one. *Id*. Additionally, federal courts must accord the same preclusive effect to a state criminal proceeding as a state court would under its own collateral estoppel standards. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 375 (1985). In such cases, federal courts must apply the state court's preclusion rules. *Haring v. Prosise*, 462 U.S. 306, 314 (1983). In cases where there is no state court case "precisely on point," courts are to "look for guidance to [state court] decisions concerning collateral estoppel generally." *Id.*

In Illinois, offensive collateral estoppel will be applied when the following requirements are satisfied:

(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question,

(2) there was a final judgment on the merits in the prior adjudication, and

> (3)    the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Gumma v. White*, 833 N.E.2d 834, 843 (Ill. 2005). The Illinois Supreme Court has cautioned, however, against "unrestrained offensive use of collateral estoppel" because "offensive use of collateral estoppel does not always foster judicial economy and fairness in the way that defensive use of collateral estoppel typically does." *In re Owens*, 532 N.E.2d 248, 251 (Ill. 1988); *see also Van Milligan v. Bd. of Fire & Police Comms. of Vill. of Glenview*, 630 N.E.2d 830, 835 (Ill. 1994).

Thus, a court weighing whether to apply collateral estoppel offensively must address each of the three elements, and if all elements are satisfied, the court must exercise its "broad discretion to ensure that application of offensive collateral estoppel is not fundamentally unfair to the defendant." *In re Owens*, 532 N.E.2d at 252; *see Am. Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 451 (Ill. 2000). Relevant fairness considerations include whether the underlying proceeding afforded the defendant "a full and fair opportunity to present his case," and the party's incentive to litigate the prior action. *Savickas*, 739 N.E.2d at 451.

Turning to the three-element test, the first element requires a determination as to whether the issue decided in the prior adjudication is identical to the present one. *Gumma*, 833 N.E.2d at 843. Plaintiff asserts that there is an identity of issues here, because the sole issue in the state court criminal case was whether or not there was probable cause. (Pl.'s Mem. 5.) Defendants respond that an identity of issues is lacking, because their civil liability was not at issue in the state court action and, therefore, they were not allowed to present evidence supporting their affirmative defenses, including

5

qualified immunity. (*Id.* 5-6.) To apply offensive collateral estoppel, Defendants argue, would be prejudicial. (*Id.*) The Court agrees.

The case of *Cannaday v. Sandoval*, 458 Fed. Appx. 563, 566 (7th Cir. 2012), is instructive. There, even though the state court explicitly held that there was no probable cause when quashing the plaintiff's arrest, the Seventh Circuit noted the defense of qualified immunity raised by the defendant and explained that the state court's decision failed to discuss whether the police officers' actions were reasonable, let alone "the legal significance, for the purposes of federal law, of its conclusion that the officers had relied on the warrant in good faith." *Id.* Therefore, the probable cause ruling could not "control the outcome" of the federal civil rights action, because the defendants were still entitled to assert a qualified immunity defense and "that issue was not actually litigated in the criminal proceeding." *Id.*

Likewise, here, there is no evidence in the record that the issue of qualified immunity was considered by the state court**.** *See Hegwood v. Carson Pirie Scott,* No. 87 C 9302, 1990 U.S. Dist. LEXIS 4385, at *8 (N.D. Ill. Apr. 17, 1990) (no identity of issues where state court ruled on actual existence of probable cause but issue relevant to qualified immunity analysis was whether officers reasonably believed they had probable cause). Indeed, the parties concede that the state court gave no basis for its ruling, either orally or in writing. Furthermore, Defendants did not direct the prosecution of Plaintiff and decide what evidence to present; that was the province of the State's Attorney. Nor did the Defendants have an opportunity to litigate their defenses to a potential civil rights claim in that case. It would be inequitable to deny the Defendants the chance to present evidence supporting their affirmative defenses in this action, given that those issues were

6

never litigated in the state court action. *See El Ranchito, Inc. v. City of Harvey*, 207 F. Supp. 2d 814, 821 (N.D. Ill. 2002) (plaintiff could not use finding of no probable cause in state proceeding to estop defendants from asserting immunity defense in civil rights action); *In re Owens*, 532 N.E.2d at 252 (offensive collateral estoppel should not be applied where "fundamentally unfair to the defendant"); *Savickas*, 739 N.E.2d at 451 (defendant must receive "full and fair opportunity to present his case" before court may give prior ruling preclusive effect).

This Court is constrained from finding that an identity of issues exists, and Plaintiff has failed to establish the first element of the collateral estoppel analysis. Because each and every element of collateral estoppel must be satisfied in order for the doctrine to apply, Plaintiff's Motion for Partial Summary Judgment is denied.

## CONCLUSION

As set forth above, the Court denies Plaintiff Earl Johnson's Motion for Partial Summary Judgment. [101]

**SO ORDERED**                            **ENTER:   3/21/13**

                                                           **JOHN Z. LEE**
                                                           **U.S. District Judge**